IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Delbert Terrill, | ) |
| | ) |
| and | ) |
| | ) |
| Brandon Gray Internet Services, Inc, | ) |
| dba NameJuice.com | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18cv936 (TSE/JFA) |
| | ) |
| John Doe, | ) |
| | ) |
| and | ) |
| | ) |
| snn.com | ) |
| | ) |
| Defendants. | ) |

Verified Complaint

Comes Now the Plaintiffs, Delbert Terrill (hereinafter Terrill) and Brandon Gray Internet Services, Inc. dba NameJuice.com (hereinafter NameJuice), by and through their counsel, and files this complaint against John Doe (Defendant Doe) and <snn.com> (Defendant Domain Name).

I. Nature of The Suit

   1. This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. The Plaintiffs are seeking injunctive and other equitable relief as a result of the actions of the Defendant John Doe who, using stolen credentials, gained unauthorized access to Plaintiff Terrill's domain hosting account on the secure systems of Plaintiff NameJuice and used this fraudulent access to transfer control of the Defendant Domain Name from Plaintiff Terrill's account and therefore disabled Plaintiff Terrill's ability to use and control his domain name causing irreparable injury to the Plaintiff Terrill.  The unauthorized access by Defendant John Doe to the secure systems of Plaintiff NameJuice has caused harm to Plaintiff NameJuice requiring Plaintiff NameJuice to pay for this litigation and requiring additional security measures and expenditures of resources to resolve.

II. The Parties

3. Plaintiff Delbert Terrill is a U.S. Citizen with a primary residence of 3516 Jonathans Harbour Drive, Jupiter, Florida 33477.  Plaintiff Brandon Gray Internet Services, Inc. dba NameJuice.com is an ICANN authorized domain name Registrar and is a Canadian Corporation with primary offices located at 50 Acadia Avenue, Suite 302, Markham, Ontario, L3R OB3, Canada.  Marilyn Benlolo is the president and sole Officer of Plaintiff Brandon Gray Internet Services, Inc., dba NameJuice.com.

4. Upon information and belief John Doe is an individual, although his true identify is unknown as the defendant is using a privacy service to conceal his identity.

5. The Defendant Domain Name is a <.com> domain name for which the Registry, Verisign, Inc., is located at 21355 Ridgetop Circle, Lakeside III, Dulles, Virginia 20166 within this Court's judicial district.

6.      The Plaintiff Terrill acquired <snn.com> on October 16, 1995, has registered it through October 15, 2018 and, has, since acquisition, used the domain in commerce in his residential real estate rental business.   (See Exhibit 1, pre-theft WHOIS record.)

7.      On or about November 13, 2017 Defendant Doe, with an address of Domain Admin, Privacy Protect, LLC, 10 Corporate Drive, Burlington, Maine 01803, telephone number +1.802-227-4003 and an email address of domain@snn.com using stolen credentials(fake passport & business license), changed the registrant email address for the Defendant Domain Name with the Plaintiff NameJuice.com, the Registrar.

8.      On or about January 18, 2018 Defendant Doe used the false email address established with the Registrar to transfer the Defendant Domain Name to himself. (See Exhibit 2, post-theft WHOIS record.)

10.     Plaintiff Terrill manages his domain name portfolio through a secure account at NameJuice.com with the email address of chipterrill.wisl.org@gmail.com.

11.     Plaintiff NameJuice.com maintains secure domain name management accounts for its clients.

12      Defendant Doe gained unauthorized access to Plaintiff Terrill's secure domain name management system on Plaintiff NameJuice.com's protected computer systems and transferred control of the Defendant Domain Name away from the Plaintiff Terrill.

13.     Defendant Doe has used Privacy Protect, LLC to conceal his true identity.

III. Jurisdiction and Venue

14. This actions arises out of Defendant Doe's violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

15. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) insofar as the registry for the <.com> domain names, Verisign, Inc., is located within this judicial district.

16. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc. has its principal place of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) as the subjects of the action reside in this judicial district.

17. Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to Plaintiff Terrill's secure domain name management account and associated computer records on Plaintiff NameJuice.com's secure computer systems and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. for the Defendant Domain Name to be altered so as to transfer control of the Defendant Domain Name away from Plaintiff Terrill.

18. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiffs in this matter.

IV. <u>Notice</u>

19. Pursuant to the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of this filing of this complaint is being sent to the Defendant at the postal addresses and email addresses provided on the current WHOIS records as set forth above, along with a request to waive service pursuant to Federal Rule of Civil Procedures 4(d).

20. The Plaintiffs are providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), the Plaintiffs will promptly publish notice of this action as the Court may direct after filing of this Complaint.

21. The Plaintiffs' claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

22. Joinder of the Defendant Domain Name is proper under Federal Rule of Civil Procedure 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common as to all claims and Defendants.

V. <u>Factual Background</u>

23. Plaintiff Terrill acquired the Defendant Domain Name on October 16, 1995, has owned the Defendant Domain Name since registration and has used the Defendant Domain Name in commerce since that date.

24. Plaintiff Terrill uses the Defendant Domain Name in his real estate rental business.

25. The Defendant Domain Name, a three letter <.com> domain names is extremely valuable and its loss has deprived Plaintiff Terrill of both the income generated by the domain name as well as the ability to sell the domain name. The Defendant Domain Name is worth at least $70,000 and likely far more as three letter <.com> domain names have been sold for as little as $20,000 and as much as $1,000,000. Plaintiff Terrill has received, and refused an offer to purchase the domain name for $70,000.

26 Plaintiff Terrill has used the Defendant Domain Name in commerce since acquisition and has common law rights in the name.

27. Plaintiff Terrill controls his domain name through a secure domain name management system.

28. Plaintiff NameJuice.com maintains the above referenced secure domain name management system.

29. Plaintiff NameJuice.com's domain name management system, and Plaintiff Terrill's domain name management account, are maintained on a protected computer system and access to the account should be restricted to only that person with Plaintiff Terrill's username and password.

30. On November 3, 2017, Defendant Doe used fraudulent credentials to take control of Defendant Terrill's domain name management account on Plaintiff NameJuice.com's secure domain name management system.

31. Defendant Doe used the hijacked control of Plaintiff Terrill's domain name management account to take control of the Defendant Domain Name.

32. Defendant Doe used his unauthorized control of Plaintiff Terrill's domain name management account to change the registration record for the Defendant Domain Name.

33. Defendant Domain Name <snn.com> was transferred by Defendant Doe to World Bizz Domains LLC and away from the Plaintiff's control.

34. Defendant Doe has taken control of the Defendant Domain Name with the intent to divert the substantial advertising revenue produced by the web site associated with the Defendant Domain Name to himself.

35. Defendant Doe has, upon information and belief, taken control of the Defendant Domain Name with the intent to resell the Defendant Domain Name.

36. Defendant Doe's registration and use of the Defendant Domain Name is without Plaintiff Terrill's authorization.

37. Defendant Doe has no intellectual property rights in the Defendant Domain Name.

38. Defendant Doe provided misleading or incomplete contact information in the domain name registration when changing the registration for the Defendant Domain Name.

39. Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff Terrill.

VI. Causes of Action

Count I
Claim for Declaratory Judgment

40. The Plaintiffs repeat and reallege the previous paragraphs as if set forth in full. Plaintiff Terrill registered the Defendant Domain Name as alleged above and has, since that time, maintained uninterrupted control over the Defendant Domain Name.

41. Defendant Doe's actions have taken control of the Defendant Domain Name from Plaintiff Terrill without authorization or permission.

42. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of Plaintiff Terrill in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA)
<u>15 U.S.C. § 1114(2)(d)</u>

43. The Plaintiffs repeat and reallege the previous paragraphs as if set forth in full. Plaintiff Terrill has owned the Defendant Domain Name for many years, has used it in commerce to generate substantial income and has common law rights in the mark.

44. Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to Plaintiff Terrill's trademark, with bad faith intent to profit therefrom.

45. Plaintiff Terrill, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain Name.

46. Plaintiff Terrill is being harmed through the loss of income, loss of business and loss of business opportunities unless enjoined.

47. Plaintiff Terrill's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web page associated with his domain name.

48. Plaintiff NameJuice.com's business reputation and standing is at risk should it develop a reputation of being subject to intrusions and unauthorized transfer of domain names it holds as a registrar.

49. Plaintiff Terrill and Plaintiff NameJuice.com, despite diligent inquiry, have been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

50. The above described conduct of Defendant Doe, registrant of the Defendant Domain Name, constitutes unlawful cybersquating in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

51. The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(I), Plaintiff Terrill is entitled to an order transferring the registration of the Defendant Domain Name to Plaintiff Terrill.

## Count III
### Tortuous Interference with Contractual Relationship

52. The Plaintiffs repeat and reallege the previous paragraphs as if set forth in full. Plaintiff Terrill properly entered into a contract with the Plaintiff NameJuice.com, the registrar for the Defendant Domain Name before the Defendant Domain Name was stolen.

53. Defendant Doe has unlawfully taken control of the Defendant Domain Name, interfering with Plaintiff Terrill's lawful contract rights with Plaintiff NameJuice.com to the Defendant Domain Name.

54. As a result of the Defendant's acts, the Plaintiffs has been damaged and will continue to be damaged. The Plaintiffs requests that this Court declare Defendant liable for their past and any future losses in association with the registration service contracts.

## Count IV
### Conversion

55. The Plaintiffs repeat and reallege the previous paragraphs as if set forth in full. Plaintiff Terrill has property rights in the Defendant Domain Name.

56. Defendant Doe has taken control of the Defendant Domain Name and is wrongfully exercising control and authority over the Defendant Domain Name.

57. The control and authority exercised by Defendant Doe deprives Plaintiff Terrill of control and the income and business generated from the Defendant Domain Name.

58. Defendant Doe is wrongfully exerting dominion over Plaintiff Terrill's property in denial of his rights.

## Count V
### Violation of the Computer Fraud and Abuse Act

59. The Plaintiffs repeat and reallege the previous paragraphs as if set forth in full.

60. Defendant Doe knowingly and intentionally accessed Plaintiff Terrill's domain name management account on Plaintiff NameJuice's domain name management system on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(c).

61. Defendant Doe knowingly, and with intent to defraud, accessed Plaintiff Terrill's domain name management account on Plaintiff's NameJuice's domain name management system on a protected computer without authorization and obtained information from that computer which Defendant Doe used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

62. Defendant Doe intentionally accessed Plaintiff Terrill's domain name management account on Plaintiff's NameJuice's domain name management system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

63. The Plaintiffs have suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiffs during a one-year period aggregating to at least $5,000.

64. As a direct result of the actions complained of, the Plaintiff have suffered, and continues to suffer, irreparable harm for which the Plaintiffs have no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiffs respectfully requests of this court:

I. That judgment be entered in favor of Plaintiff Terrill on his claims for violation of the Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of Plaintiff NameJuice.com on its claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that the Plaintiff Delbert Terrill is the only person with any rights to the contracts controlling the Defendant Domain Name; and

IV. Enter an order declaring that Defendant Doe does not have any rights to the Defendant Domain Name; and

V. Enter an order directing that the Defendant Domain Name be promptly transferred to Plaintiff Terrill; and

VI. Enter an Order directing Verisign to promptly return control of the Defendant Domain Name to Delbert Terrill and the registrar as directed by counsel for the Plaintiff; and

VII. Award the Plaintiffs their fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII. That the Court grant such other relief to the Plaintiffs as the Court deems just and proper.

Dated: July 28, 2018

Respectfully submitted,

Delbert Terrill
and
Brandon Gray Internet Services, Inc.
dba NameJuice.com
By Counsel

_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
(not admitted in Virginia)
Greenberg & Lieberman, LLC
1775 Eye Street NW, Suite 1150
Washington DC, 20006
202-625-7000
stevan@aplegal.com

Counsel to the Plaintiff

Verification

I, Delbert Terrill declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the original owner of each of the Defendant Domain Name listed above and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

_____  
Date

Delbert Terrill

Verification

I, Marilyn Benlolo, President, Brandon Gray Internet Services, Inc. dba NameJuice.com declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the register of the Defendant Domain Name listed above and the facts contained in the foregoing verified complaint are true and correct to the best of my knowledge, information and belief.

2018/07/27  
Date

Marilyn Benlolo  
President  
Brandon Gray Internet Services, Inc.  
dba NameJuice.com