THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Delbert Terrill, *et al* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18cv936-TSE/JFA |
| | ) | |
| John Doe, *et al* | ) | |
| | ) | |
| Defendants. | ) | |

<u>Plaintiffs Memorandum of Law in Support of Motion
for an Order to Publish Notice of Action</u>

Plaintiffs Delbert Terrill (hereinafter Terrill) and Brandon Gray Internet Services, Inc. dba NameJuice.com (hereinafter NameJuice), by counsel, respectfully submits this memorandum of law in support of their motion for an order pursuant to 15 U.S.C. 1125(d)(2)(A)ii)(II)(bb) to publish notice of the *in rem* portion of this matter against the Defendant Domain Name and for leave to serve process in this matter by email and publication.

I. Facts

On July 30, 2018 the Plaintiffs filed their complaint in this matter both *in rem*, seeking return of the Defendant Domain Name, as well as seeking other relief against Defendant John Doe. The Complaint alleges, *inter alia*, claims under the Anticybersquating Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (the "Act"), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 as well as tortuous interference with contractual relationships and conversion.

The Plaintiff registered the Defendant Domain Name on October 16, 1995, has maintained registration from that date until the theft of the Defendant Domain Name and has used it continuously in commerce from registration until it was stolen.  (Compliant ¶¶6-12.)  Upon information and belief, Defendant Doe used stolen credentials to gain access to Plaintiff Terrill's domain name management account on the secure domain name management system maintained by Plaintiff NameJuice and transferred the defendant domain away from Plaintiff Terrill.   (Compliant ¶11, 12.)  Defendant Doe has concealed his identity behind a privacy service.  (Compliant ¶¶13.)  The actual location of the Defendant Doe is unknown, and is not subject to *in personam* jurisdiction anywhere in the United States.

## II. Argument

1. <u>Anticybersquating Consumer Protection Act</u>

The Act authorizes the Plaintiff to proceed *in rem* against the domain name.  15 U.S.C. § 1125(d)(2)(A)(ii).  The Act provides that in an *in rem* action such as the one before the Court, service of process shall be made by:

(aa)   sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
(bb)   publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II).

The Plaintiff has complied with the provisions of subsection (aa) above.  The Plaintiff sent the current registrant of the Defendant Domain Name notice of this action and a copy of the Complaint by mail and email to the address provided.  (See Westreich Declaration.)  Thus, all that remains to complete service of process is the publication of notice as may be directed by the Court.

Section 2(A)(ii)(II)(bb) of the Act requires an *in rem* plaintiff to provide notice of the *in rem* proceedings by publishing notice of the action as the court may direct promptly after filing of the action. This Court has held that notice by publication is required in *in rem* proceedings. See <u>Facton, Ltd. v. Gstaronsale.com</u>, No. 1:10cv1165 (AJT/JFA), (E.D. Va., Feb. 17, 2011). The Court in <u>Facton</u> reasoned that notice by publication was necessary to ensure that the rightful owner of the *res* receive prompt notice. <u>Id.</u> at 4-5. While the notice provisions of sub-section (aa) provide notice to the registrant, if there were another entity claiming ownership of the *res*, notice under sub-section (aa) would not reach that potential necessary party. <u>Id.</u> at 6. Publication is necessary to provide notice to the public. <u>Id.</u> The Plaintiff is seeking an order of publication shortly after filing the complaint to accomplish both the goal of notice to the public as well as to ensure prompt notice of any potential necessary party, e.g. another entity claiming ownership of the *res*.

The Plaintiff requests an order that notice shall be given by a single publication in <u>The Washington Times</u> as set forth in the proposed Order submitted herewith.

In addition, the Plaintiff requests that the Court grant leave to concurrently serve process by email and publication for the Plaintiff's alternative Computer Fraud and Abuse claim and the other claims asserted in the Complaint.

Due process is satisfied where the notice is reasonably calculated, under all of the circumstances, to apprise the party of the pendency of the action and afford them an opportunity to present their objections. <u>Id.</u> (citing <u>Mullane v. Central Hanover Bank and Trust Co.</u>, 339 U.S. 306, 314 (1950)).

Here, the Defendant has not provided a name, or address other than the privacy service to which notice has been provided.  This is Defendant Doe's attempt to conceal his identity and location to avoid liability for his theft of the Defendant Domain Name.

Defendant Doe relies, as does the entire domain buy-and-sell market, on electronic communications with registrars and customers demonstrating that this is a reliable means of apprising Defendant Doe of the pendency of this action.  Further, Defendant Doe relied on electronic communications with the domain name registrar for the purpose of transferring the Defendant Domain Name away from the control of Plaintiff Terrill.  In fact, given the failure to provide a real address and his use of privacy systems, electronic communications is the only way to reach Defendant Doe.  And finally, there is no way to ascertain the exact physical location of the Defendant given the information provided.

Given Defendant Doe's efforts at obfuscation to avoid identification and liability, concurrent service by publication and email of all of the Plaintiff's claims is in the public interest, comports with due process and should be allowed.

Conclusion

The Plaintiffs submit that service by email alone would be reasonable under the circumstances to apprize the Defendant of this action but has requested the addition method of publication to effect service.

Wherefore, for the reasons set forth above, it is respectfully requested that this Court enter an order granting leave to serve process in this matter by email and publication and for such other relief as this Court deems just and proper.

Date: August 8, 2018

Respectfully Submitted,

Delbert Terrill and
Brandon Gray Internet Services, Inc.
dba NameJuice.com
by counsel

/s
_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Stevan Lieberman, Esq.
(Not admitted in Virginia)
Greenberg & Lieberman, LLC
1775 Eye Street, #1150
Washington, D.C. 20006
(202) 625-7000, Fax: 202-625-7001
Stevan@aplegal.com

and

Counsel to the Plaintiffs